Per Curiam.

The employer is a “ protective agency ”. Patrick J. Breen was employed as a guard. The agency protected ships docked in New York. On the night of March 14, 1947, Breen reported for duty at Pier 80, North River.
The Pachita Peru was at dock. Breen was to act on “ gangway patrol ”. He reported to the fellow guard he was to relieve that night. He was not seen again alive.
On April 21st his body was found in the waters of New York harbor. He had on him a badge and a watchman’s log. Before parting, his fellow guard told him the ship was rolling and “to be careful when he climbed the Jacob’s ladder when he went aboard ship ’ ’. The next day it was noticed that two rungs of the ladder were broken and torn away from the stanchion.
*727 Over the objection of the appellants who contended that the case falls within the Longshoremen’s and Harbor Workers’ Compensation Act (U. S. Code, tit. 33, § 901 et seq.), the Workmen’s Compensation Board has ruled that it has jurisdiction of the claim. The test of the application of the United States statute is that the injury or death be sustained on navigable waters in work that is maritime in nature.
In marginal cases, where jurisdiction might also come reasonably under State compensation laws, the jurisdiction of the State is upheld unless the Federal act has actually been invoked. (See opinion of Black, J., in Davis v. Department of Labor, 317 U. S. 249.)
There is presented here a case in the marginal zone and we are of opinion that the Workmen’s Compensation Board acquired jurisdiction of the claim.
Upon the hearing the only proof that was offered on the accident was the hearsay reports of two investigators. There was ho testimony of the fellow worker who was relieved by the deceased, or by any other person having any knowledge of the facts. Objection was taken by the carrier to the sufficiency of this proof.
The Referee received this, not as proof of the underlying facts, but apparently for his information in ruling that there was no jurisdiction over the claim upon the state of facts shown.
On review by the board, the carrier asked that if the Referee’s decision was reversed a right of cross-examination should be afforded. We are of opinion that opportunity, at least, to exercise this right should be afforded. We agree that the carrier has no present interest in the question of dependency; on the face of the record the Commissioner of Taxation and Finance has shown a right to any award.
The decision of the board insofar as it sustains its jurisdiction of the claim should be affirmed; the decision and award otherwise should be reversed and remitted to the board to permit the appellants to cross-examine the persons upon whose written reports the award is based, without costs.
Foster, P. J., Heffernan, Deto, Bergan and Coon, JJ., concur.
Decision insofar as it sustains the jurisdiction of the claim affirmed; the decision and award otherwise reversed and remitted to the board to permit the appellant to cross examine the persons upon whose written reports the award is based, without costs.